Peter Burmood v. Farmers Union Insurance Company.

Filed November 8, 1894. No. 6778.

1. **Mutual Insurance:** Recovery of Assessments: Defense: Auditor's Certificate. In a suit by a mutual insurance company organized under the laws of this state against one of its members for assessments levied against him to pay losses of the insurance company, the fact that the auditor of the state had refused the insurance company a certificate of authority to continue doing business in the state is not a defense, as the refusal of the auditor was only a prohibition upon the insurance company from taking new risks.

2. ———: ———: Contracts With Other Companies. Neither is it a defense to such an action that the directors of the mutual company had made a contract with another insurance company whereby it was agreed that the mutual company should use its influence with its members to induce them to insure their property in another insurance company, and agreed to surrender to its members, who should do so, their insurance and membership contract.

3. ———: ———: ———. Whether the directors of a mutual insurance company had any authority to make such contract, not decided.

4. **Cancellation of Mutual Insurance Contract Upon Request of Member of Company.** A membership and insurance contract between a mutual insurance company and one of its members provided that the insurance contract might be canceled at the request of a member by his paying all assessments against him to date of such request, together with a cancellation fee of $2, and surrendering to the insurance company the membership insurance contract. A member surrendered his insurance contract and paid the cancellation fee, but neglected to pay an assessment due from him at the date of surrendering his insurance contract. *Held*, That the insurance and membership contract remained in force.

Error from the district court of Hall county. Tried below before Thompson, J.

See opinion for statement of the case.

*W. H. Thompson,* for plaintiff in error.

*J. H. Randall, contra:*

The refusal of the auditor of public accounts to issue to the company a certificate cannot be pleaded by a member as a defense to an action for an assessment. (*Wilmington & R. R. Co. v. Reid,* 13 Wall. [U. S.], 266; *Dartmouth College v. Woodward,* 4 Wheat. [U. S.], 642; 3 Parsons, Contracts [7th ed.], sec. 533; *Union P. R. Co. v. United States,* 99 U. S., 402; *Commonwealth v. Essex Co.,* 13 Gray [Mass.], 239; *Miller v. State,* 15 Wall. [U. S.], 498; *Shields v. Ohio,* 95 U. S., 324; *Green v. Biddle,* 8 Wheat. [U. S.], 84; *Sinking Fund Cases,* 99 U. S., 737; *Calder v. Bull,* 3 Dal. [U. S.], 388.)

The contract with the other company was no defense to the action. (*Hoyt v. Thompson,* 19 N. Y., 217; 1 Beach, Private Corporations, secs. 232, 237; *United States Bank v. Dandridge,* 12 Wheat. [U. S.], 112.)

The plaintiff in error could not require the company to cancel the policy without paying the amount due on the assessments. He is liable for the amount due. (*Sands v. Hill,* 42 Barb. [N. Y.], 651; *Neeley v. Onondaga County Mutual Ins. Co.,* 7 Hill [N. Y.], 51; May, Insurance [2d ed.], sec. 67; *Alliance Mutual Ins. Co. v. Swift,* 10 Cush. [Mass.], 434; *American Ins. Co. v. Woodruff,* 34 Mich., 6; *Farmers Union Ins. Co. v. Wilder,* 35 Neb., 572.)

RAGAN, C.

The Farmers Union Insurance Company (hereinafter called the "Insurance Company") was a mutual insurance company organized under chapter 43, Compiled Statutes, 1893. Peter Burmood became a member of said Insurance Company, and on his application therefor the Insurance Company issued to him a contract of insurance, in and

by which it agreed to insure his property in the sum of $2,250 against loss or damage by fire, lightning, etc., for a term of five years from the 3d day of January, 1889. In consideration of this contract of insurance Burmood agreed to pay to the Insurance Company the sum of $67.60 in twenty assessments, not more than four of such assessments to be payable in any one year, nor a greater amount than twenty-five per cent of the above named premium to be assessed in any one year. The contract of insurance also provided that it might be canceled at the request of Burmood by his paying all assessments up to the date of such request, together with $2 as a cancellation fee, and surrendering the insurance policy or certificate of membership. The Insurance Company brought this suit in the district court of Hall county against Burmood to recover the balance of the premium promised by him to be paid in consideration of his membership in the company and of the contract of insurance issued by the Insurance Company indemnifying him against loss or damage to his property. The Insurance Company had a verdict and judgment, and Burmood brings the case here on error.

All the errors assigned and relied upon here for a reversal of the judgment may be considered under three heads.

1. It appears that in February, 1892, the auditor of state refused the Insurance Company a certificate of authority for continuing the business of insurance in the state of Nebraska. The refusal of the auditor to permit the Insurance Company to do business in the state of Nebraska subsequent to the 1st of January, 1892, while it prohibited the Insurance Company from taking new risks, was not a prohibition on the Insurance Company's collecting assessments and premiums from its members for the purpose of paying losses that had or might thereafter occur on business already done, and consequently the action of the auditor of state is not a defense to Burmood in this action.

2. About the time that the auditor of the state refused the Insurance Company a certificate for taking risks and doing business in the state of Nebraska the directors of the Insurance Company entered into an agreement with the Continental Insurance Company. By the terms of this agreement it agreed to give the Continental Insurance Company a list of the agents in the employ of the Mutual Company in Nebraska, with their post-office addresses, and it agreed to use its influence in order to have its members insure their property in the Continental Insurance Company, that company agreeing to carry the insurance at three per cent, and in case any member of the Insurance Company should avail himself of the privilege of insuring his property with the Continental Insurance Company, then such member's premium and his contracts held by the Insurance Company were to be surrendered to him. We are not called upon in this case to decide whether the Insurance Company, or its board of directors, had any authority to enter into this contract with the Continental Insurance Company. Burmood did not avail himself of the opportunity of insuring his property in the Continental Insurance Company and then taking up his contract with the Insurance Company of which he was a member. Notwithstanding the contract made with the Continental Company the Farmers Union Insurance Company continued to exist. Its contracts with its members, and the agreements of the members with the company and with each other remained wholly unaffected by this agreement; and the making or the existence of the contract between the Insurance Company and the Continental Company cannot be pleaded by Burmood as a defense to this action.

3. On the 9th day of July, 1892, Burmood surrendered his policy to the Insurance Company, and paid to it a cancellation fee of $2, and he now insists that on that date he ceased to be a member of the company; that the contract between him and the company was then and there rescinded,

and that therefore he is not liable in this action. But this defense must also fail. Under the contract between the Insurance Company and Burmood, if Burmood wished to cancel such contract and be relieved from any liability thereon, it was only necessary for him to surrender the policy to the company and pay the Insurance Company a cancellation fee of $2; but he was also required by the policy to pay all assessments made against him up to. date. At the time Burmood surrendered his policy to the Insurance Company there were assessments due against him and unpaid of $6.60, which assessments he has never paid. The contract of insurance, then, has never been canceled; and if a loss had occurred to the property of Burmood at any time prior to the date of the rendition of the judgment herein, January 5, 1894, the company would, so far as the existence or non-existence of the contract is concerned, have been liable for such loss. This contract is a mutual one; not one that can be rescinded at the whim of either party thereto, but can only be rescinded or canceled in the manner provided by its terms. Mr. Burmood having failed to pay the assessments due against him at the time he surrendered his policy and paid the cancellation fee, the policy was not canceled. There is no error in the record and the judgment of the district court is

AFFIRMED.